IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MORRIS J. PETTIGREW SR., #359809 *

Plaintiff *

v. * CIVIL ACTION NO. GLR-12-1682

KATHLEEN S. GREEN, WARDEN *
CORRECTIONAL OFFICER WHEATLEY

*

Defendants

***

**MEMORANDUM**

I. Background

On June 7, 2012, Plaintiff Morris J. Pettigrew, Sr., an inmate currently housed at the Western Correctional Institution in Cumberland, Maryland, filed this 42 U.S.C. § 1983 Complaint for declaratory and injunctive relief and compensatory and punitive damages. Plaintiff states that while housed at the Eastern Correctional Institution ("ECI") on January 11, 2012, he was called to the recreation hall to eat dinner. He contends that after dinner was completed and he was exiting the dining hall, Correctional Officer Wheatley requested that he stop and submit to a pat-down frisk search. Plaintiff claims that he complied without hesitation, gave Wheatley his coat and turned around with his back to the officer. He asserts that the officer held his left shoulder with his left hand and grabbed Plaintiff's right buttock with his right hand. When he asked Wheatley what he was doing and to let go of him, Plaintiff asserts that Wheatley took a firmer grip of his shoulder and placed his right forearm in the upper center portion of Plaintiff's back, before reaching into the center of Plaintiff's buttocks. ECF No. 1. Plaintiff alleges that despite his pleas for Wheatley to stop, the Officer ran his hands along Plaintiff's arms and shoulders, shoved his left hand into Plaintiff's pants, and grabbed his pubic hair, ripping a patch of it off. Wheatley then allegedly

cupped his open palm and fingertips and took hold of Plaintiff's penis, tugging it repeatedly. ECF No. 1.

Plaintiff claims he spoke to other inmates and then notified two lieutenants and his housing unit officer about the incident. He asserts that no action was taken. Plaintiff states that he filed a grievance before he was taken to the medical department for photographs of his genital area. He complains that Wheatley violated Division of Corrections regulations and the code of conduct for correctional officers and his sexual assault was offensive and violative of the Eighth Amendment. Id.

Defendants have filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment[1] and Plaintiff has filed an Opposition thereto.[2] ECF Nos. 13, 16, & 17. The matter is ready for consideration and may be determined without oral hearing. See Local Rule 105.6 (D. Md. 2011).

## II. Standard of Review

Because matters outside the pleadings will be considered, Defendants' Motion shall be treated as a motion for summary judgment. Summary judgment is governed by Fed. R. Civ. P. 56(a), which provides that: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

---

[1] The Complaint against the Maryland Division of Corrections and the Eastern Correctional Institution was summarily dismissed. ECF No. 7.

[2] Plaintiff also submitted a Motion for Leave to File an Amended Complaint, filed after his receipt of Defendants' dispositive motion. ECF No. 17. He seemingly seeks to add a statement from another inmate, one "J.H.," which states, in part, "I seen the inmate thats complaining getting search a c/o and he jumped like he was touch in the rong way." Id. at p. 5.

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

The "party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in [his] favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644–45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778–79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986)).

In Anderson, 477 U.S. at 249, the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." Id. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. See Celotex Corp., 477 U.S. at 322–23. Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

## III. Discussion

### Claim of Sexual Abuse

#### A. Facts

Defendant Wheatley states that on January 11, 2012, he was assigned as an escort outside the ECI East compound while inmates were exiting the dining hall to return to their unit. ECF No. 13, Ex. 1 at Barnes Decl.; Ex. 2 at Wheatley Decl.; ECF No. 16. As the inmates were leaving the dining hall, Wheatley randomly selected Plaintiff for a pat-down search. Wheatley affirms that while conducting the search, Plaintiff attempted to turn around. Wheatley then placed his left hand on Plaintiff’s left shoulder and instructed him not to turn around during the search. Because Plaintiff was engaging in what Wheatley believed to be non-compliant behavior, he instructed Correctional Officer Kestler to witness the remainder of the search. Wheatley then maintains that because Plaintiff began to act as if he was hiding something in his waistband, he searched Plaintiff’s waistband with both hands. Finding no contraband, Wheatley completed the search and allowed Plaintiff to return to his cell. ECF No. 13, Ex. 2 at Wheatley Decl.

The following day, January 12, 2012, Plaintiff reported to Lt. Adams that he had been sexually assaulted by Wheatley during the aforementioned pat-down search. ECF No. 13, Ex. 1 at

Barnes Decl. & p. 13. Plaintiff was immediately taken to the medical unit and assessed by a nurse, who found that Plaintiff required no treatment. Id., Ex. 1 at Barnes Decl. & p. 6. The following day he was seen by Nurse Pase who indicated that Plaintiff had superficial reddening at the bottom of his navel, but no signs of pubic hair tearing, contusions or abrasions. ECF No. 13, Ex. 4. In addition, two inmates identified by Plaintiff as witnesses were interviewed. Neither inmate confirmed Plaintiff's version of the incident. Id., Ex. 1, pp. 10-11. Further, Defendants provide the Declarations of several correctional officers on the evening shift in Plaintiff's housing unit on the day of the incident. They affirm that Plaintiff did not report the alleged assault to them. Id., Ex. 6 at Buck Decl.; Ex. 7 at Gunter Decl.; Ex. 8 at Poso Decl.; Ex. 9 at Ridley Decl.; Ex. 10 at Sturgis Decl.; Ex. 11 at Tull Decl.; Ex. 12 at Wise Decl..

Defendants argue that Plaintiff has failed to "allege any facts that would support a finding of liability" against Defendant Green. They assert that she had no personal involvement in the incident at issue and cannot be held liable under a respondeat superior theory. In addition, Defendants assert the Plaintiff has failed to articulate an Eighth Amendment claim against Wheatley because sexual assault is not "punishment" under the Cruel and Unusual Punishment Clause of the Constitution. They further argue that even if Wheatley assaulted Plaintiff in the manner alleged, such unauthorized action was "random and isolated" and in violation of prison regulations, not the Eighth Amendment.

Finally, Wheatley contends that Plaintiff's claim of a sexual assault, as a violation of substantive due process, is not supported by the evidence. Wheatley affirms that: he conducted a pat-down search in a professional manner and in accordance with regulations; the two inmate witnesses did not indicate that they saw Wheatley conduct the search in an inappropriate manner; Sgt. Kestler, who witnessed the search, completed a matter of record which stated that Plaintiff's

allegations of sexual assault were false; Plaintiff's medical records did not note any physical evidence of the sexual assault; and Plaintiff did not require any medical treatment at that time.

In his Opposition, Plaintiff claims that Green may be found culpable simply because she was made aware of the incident and took no action. ECF No. 17. He argues that he has stated an Eighth Amendment claim through verified statements; shown that he was denied medical care for his injuries; and claims that the injuries shown by the medical records are consistent with his claims of being grabbed. ECF No. 17.

B. Analysis

It is undisputed in the case law that sexual abuse by a prison guard on an inmate may violate the Eighth Amendment. See Woodford v. Ngo, 548 U.S. 81, 118 (2006) ("Accordingly, those inmates who are sexually assaulted by guards, or whose sexual assaults by other inmates are facilitated by guards, have suffered grave deprivations of their Eighth Amendment rights."); Farmer v. Brennan, 511 U.S. 825, 834 (1984) ("Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society.") (internal citation omitted); Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000) ("A sexual assault on an inmate by a guard—regardless of the gender of the guard or of the prisoner—is deeply 'offensive to human dignity.' ") (citing Felix v. McCarthy, 939 F.2d 699, 702 (9th Cir. 1991)); Boddie v. Schneider, 105 F.3d 857, 861 (2d Cir. 1997) ("Because sexual abuse by a corrections officer may constitute serious harm inflicted by an officer with a sufficiently culpable state of mind, allegations of such abuse are cognizable as Eighth Amendment claims.").

Courts have recognized, however, that not every allegation of sexual abuse is "objectively, sufficiently serious" for purposes of the Eighth Amendment. See Wilkins v. Gaddy, 130 S.Ct. 1175, 1178 (2010) ("[N]ot every malevolent touch by a prison guard gives rise to a federal cause of

action."); Boddie, 105 F.3d at 861 ("[I]solated episodes of harassment and touching . . . are despicable . . . . But they do not involve a harm of federal constitutional proportions as defined by the Supreme Court.") (citing Farmer, 511 U.S. at 833–34).[3] Instead, courts must conduct a fact-intensive, case-by-case inquiry to determine if the sexual abuse was sufficiently serious.

On the facts of the case at bar and consistent with the analysis of other courts, the Court concludes that even when affording Plaintiff's allegations in a light most favorable to him, Wheatley's alleged incident of sexual abuse of Plaintiff is not "objectively, sufficiently serious" for purposes of the Eighth Amendment. The facts alleged to have occurred do not constitute sexual abuse nor do they comprise the objective and subjective elements found in an Eighth Amendment violation. See Calhoun v. DeTella, 319 F.3d 936, 939–940 (7th Cir. 2003) (allegation that during a strip search guards "made 'sexual ribald comments,' forced [inmate] to perform 'provocative acts,' and 'pointed their sticks towards his anal area' while he bent over" with no allegation of physical injury, stated an Eighth Amendment claim); Schwenk, 204 F.3d at 1196-98 (inmate stated Eighth Amendment claim where guard repeatedly requested oral sex, groped inmate's buttocks, exposed his genitals to inmate, and forcibly pressed his exposed penis into the inmate's clothed buttocks); Berry v. Oswalt, 143 F.3d 1127, 1133 (8th Cir. 1998) (finding sufficient evidence to support an Eighth Amendment violation when guard attempted to perform non-routine pat-down searches on female inmate, propositioned her for sex, intruded upon her when she was not fully dressed, and repeatedly

[3] There appears to be an emerging division in the judicial treatment of cases in which an inmate alleges a prison guard sexually abused him or her. One class of cases focuses on the language in Boddie that limits Eighth Amendment claims to sexual abuse that is "severe or repetitive," 105 F.3d at 861, and another class focuses more on "contemporary standards of decency" and the complete lack of penological justification for guard-on-inmate sexual abuse. See, e.g., Wood v. Beauclair, 692 F.3d 1041, 1050–51 (9th Cir. 2012). The Court need not address this division since Pettigrew's allegations of abuse fail to state an Eighth Amendment claim under either standard.

made sexual comments to her); Watson v. Jones, 980 F.2d 1165, 1166 (8th Cir. 1992) (allegations that guard performed invasive pat-down searches almost daily for two months, in which guard conducted "a deliberate examination of the genital, anus, lower stomach and thigh areas," were sufficient to survive summary judgment on inmate's § 1983 claim).

Plaintiff may not rest on his original Complaint allegations, but has been called upon to rebut Defendants' Declarations and materials with his own verified documents to establish a genuine dispute of material fact. He has failed to do so. There is no documentary evidence, either through witnesses or medical records, which supports his claim that he was sexually abused during the course of a mass inmate movement. The Court acknowledges that there are two different stories being told, but Plaintiff's version is blatantly contradicted by the record evidence and does not support allowing the case to go forward.

Moreover, Defendant Green would also be entitled to judgment on the basis that as ECI Warden, she was not personally involved in the events surrounding Plaintiff's claims. In cases brought under 42 U.S.C. § 1983, there is no respondeat superior liability. This means that there must be personal involvement by Defendants in the alleged violation. A supervisor will only be held liable if the Plaintiff can demonstrate that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994).

## IV. Conclusion

For the aforementioned reasons, Defendants' Motion for Summary Judgment shall be granted. Judgment will be granted in favor of Defendants and against Plaintiff.[4] A separate Order follows.

April 17, 2013

/s/

George L. Russell, III
United States District Judge

[4] For these reasons Plaintiff's Motion for Leave to File an Amended Complaint to add Attachment A as a piece of evidence (ECF No. 17), is denied as moot.